## FIDELITY BUILDING & LOAN ASS'N v. MURRAY et al.

### No. 4248.

Court of Civil Appeals of Texas. Amarillo.
June 18, 1934.

H. D. Payne, of Floydada, for appellant.

Pat J. Howe, John W. Pope, and Lynn B. Milam, all of Dallas, for appellees.

JACKSON, Justice.

This is an appeal from a judgment obtained by appellee against Mrs. R. L. Glasscock, a widow, as defendant, for the sum of $500.77 and the foreclosure of an alleged paving lien on lot 9 in block 127 of the original town of Floydada, against the defendant and the Fidelity Building & Loan Association, the intervener.

The defendant does not complain of the judgment, and the case is before us with the intervener alone as appellant.

The intervener alleged that the property against which appellee sought to foreclose its lien was the homestead of Mrs. R. L. Glasscock; that she executed no contract as required by law to create a lien for the improvements against such homestead; that the defendant is indebted to intervener in the sum of $896.72, secured by a vendor's lien on the property involved which is superior to the lien asserted by appellee; that the certificate of assessment sued on is invalid because the resolutions and ordinances attempted to be passed by the city of Floydada as a basis for the issuance of such certificate are void, as none of them were enacted by a two-thirds vote of the five members of the city council of Floydada.

The question of homestead was an issue of fact, and the finding of the court that the property was not the homestead of the defendant Mrs. R. L. Glasscock at the time of the assessment is amply supported by the evidence.

The appellant by several assignments presents as error the action of the court in holding that appellee's asserted lien was valid and prior and superior to the vendor's lien held by intervener, because the testimony fails to show that the resolutions and ordinances on which the validity of the assessment certificate sued on depends were passed by a two-thirds vote of the city council of the city of Floydada.

In support of this contention, the appellant introduced in evidence the minutes of the council which disclose the passage of such ordinances and resolutions, but fail to show

affirmatively that two-thirds of the members of the council voted for the passage thereof.

The facts in the record relative to the passage of such resolutions and ordinances by the council are the same as the facts disclosed in the case of Dora Reagan v. Owen M. Murray, Receiver (No. 4243) 74 S.W.(2d) 314, decided by this court on June 4, 1934. We refer to the opinion in that case for the facts in detail, and on that decision and the authorities therein cited we sustain this contention.

That opinion also disposes of the other assignments here presented and not discussed.

The judgment is reversed, and the cause remanded.